UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GIOVANNI SOTOMAYOR,<br><br>        Petitioner,<br><br>    v.<br><br>MICHELLE R. RICCI, et al.,<br><br>        Respondents. | Civil No. 08-4108 (SRC)<br><br>**MEMORANDUM ORDER** |

I.  This matter comes before the Court upon Petitioner's filing of a § 2254 Petition. Respondents filed their answer ("Answer") to the Petition, and Petitioner duly filed his traverse ("Traverse").

II. Petitioner executed his Petition on August 12, 2008. See Docket Entry No. 1, at 1. Since it appears self-evident that Petitioner could not have submitted his Petition to his prison officials prior to that date, the Court deems the Petition being filed on August 12, 2008.

III. On December 22, 2008, this Court executed an order dismissing the petition as unexhausted. See Docket Entry No. 3. On January 6, 2009, the Clerk received a letter from Petitioner asserting due exhaustion of Petitioner's claims. See Docket Entry No. 4. Having no record filed in this matter, the Court read Petitioner's assertions as to proper exhaustion in light most favorable to Petitioner and, thus,

notified Petitioner of his <u>Mason</u> rights, <u>see</u> Docket Entry No. 5, and issued an order directing Respondents to file an answer to Petitioner's challenges and the relevant record. <u>See</u> Docket Entry No. 7. Pursuant to new local rules of this District, Respondents were directed to make all aforesaid filings electronically. <u>See</u> <u>id.</u>

IV. Respondents duly filed their Answer, <u>see</u> Docket Entry No. 11; the Answer was accompanied by Respondents' certificate of service, an index of Respondents' exhibits and thirty-nine such exhibits. <u>See</u> <u>id.</u> Although the filings made by Respondents verified Respondents' best attempt at electronic filing (and the Court in no way downplays the magnitude of the task of filing thirty-nine exhibits totaling five hundred and eighty three pages), Respondents' filing of the aforesaid thirty-nine exhibits resulted in forty-five docket sub-entries, <u>see</u> Docket Entries Nos. 11-3 to 11-47, leaving the Court to guess which docket sub-entry corresponded to which exhibit identified in the index. To the degree possible, the Court studied these forty-five docket sub-entries/five hundred and eighty three pages in order to create its own chart correlating these docket sub-entries to Respondents' index of thirty-nine exhibits.[1]

---

[1] It appears that, being served in hard copy upon Petitioner, Respondents' Answer and exhibits were duly numerated, hence sparing Petitioner from the correlation exercises that the

2

V. In their Answer, Respondents: (a) challenged the merits of Petitioner's contentions; (b) pointed out the record suggesting Petitioner's failure to exhaust some of Petitioner's claims; and (c) asserted that the Petition was untimely. See Docket Entry No. 11.[2]

VI. In response, Petitioner filed his Traverse, see Docket Entry No. 13, challenging Respondents' substantive points, asserting that his claims should be deemed duly exhausted and maintaining that his Petition was timely.

VII. Petitioner was sentenced on October 1, 2001. Although Petitioner could appeal his conviction and sentence as of right within forty-five days, he did not do so. Rather, he waited until January 31, 2002, that is, for the period of seventy-seven days after his time to appeal expired ("First Latches Period") to file his appeal. The Superior Court of New Jersey, Appellate Division ("Appellate Division"), entertained Petitioner's appeal and affirmed Petitioner's sentence and conviction on merits. After the Appellate Division issued its decision on May 30, 2003, Petitioner had forty-five days to seek certification from the Supreme Court of New Jersey. Petitioner, however, again failed to act

---

Court had to perform.

[2] Respondents' Answer was also replicated as Docket Entry No. 12.

       timely and procrastinated for the period of twenty-one days after his time to appeal expired ("Second Latches Period"), until August 4, 2003, when Petitioner filed his application for certification. On October 14, 2003, the Supreme Court of New Jersey denied Petitioner certification.

VIII. According to Respondents, Petitioner's verified petition for post-conviction relief was filed on April 4, 2005. Respondents' exhibit (referred in Respondents' index as Exhibit 16 and replicated, seemingly, as Docket Sub-entry 11-20) shows that Petitioner indeed signed that petition for post-conviction relief on April 4, 2005. However, Petitioner -- in his Traverse -- asserts that this April 4, 2005, petition was preceded by Petitioner's pro se application for post-conviction relief that was filed on January 8, 2004. See Docket Entry No. 13, at 3 (referring to a certain cover letter allegedly attached to this alleged pro se petition and maintaining that this cover letter was made part of Respondents' Exhibit 16).

IX. The Court's attempts to identify this cover letter and to locate Petitioner's pro se petition among the exhibits submitted by Respondents failed, since the Court's correlation chart suggests that Docket Sub-entry No. 11-20 is Respondents' Exhibit 16, but Docket Sub-entry No. 11-20 contains neither the alleged pro se petition nor the alleged

     cover letter. Moreover, the Court's study of the appellate briefs filed by both sides with regard to Petitioner's post-conviction proceedings, as well as this Court's study of the state courts' decisions addressing Petitioner's post-conviction challenges, failed to locate any statement verifying with any degree of certainty that such *pro se* application for post-conviction relief was ever filed. The Court, however, cannot rule out the possibility that the Court's guess as to which Respondents' exhibit corresponds to which docket sub-entry was erroneous, and the alleged *pro se* application for post-conviction relief (and/or a cover letter accompanying such application) was actually made part of Respondents' record.

X.   Respondents maintain that the period consisting of the sum of: (a) the First Latches Period, (b) Second Latches Period, (c) the period running from the expiration of Petitioner's time to seek certiorari with regard to his direct appeal to April 4, 2005, *i.e.*, the date of Petitioner's filing of his verified petition for post-conviction relief ("Pre-PCR Period"), and (d) the period running from the date of denial of certification by the Supreme Court of New Jersey with regard to Petitioner's post-conviction relief to the date of Petitioner's filing of the instant Petition, renders the Petition woefully time barred. Petitioner, however, asserts

      that his Petition is timely because he reads the Pre-PCR Period as running only from the expiration of Petitioner's time to seek certiorari with regard to his direct appeal to January 8, 2004, _i.e._, to the alleged date of Petitioner's filing of his alleged _pro se_ petition for post-conviction relief.

XI. The mode of Respondents' filing of the record in support of their Answer prevents the Court from deciding the issue of timeliness intelligibly, since the Court can neither establish whether Petitioner's alleged _pro se_ petition for post-conviction relief was actually filed, nor when it was filed, nor whether it was ruled upon by all three levels of the state courts or is still pending. Indeed, it appears that, if Petitioner's date of January 8, 2004, is correct, the Petition is timely, but his exhaustion of the claims raised in this alleged _pro se_ application for post-conviction relief might still be underway: this is so because the state courts' decisions in the record seemingly did not acknowledge any challenges raised in any _pro se_ application, plus this Court has no reason to believe that the state courts somehow merged the proceedings based on Petitioner's alleged _pro se_ application for post-conviction relief (presuming that such proceedings were actually initiated) with the post-conviction proceedings based on

Petitioner's verified petition for post-conviction relief filed on April 4, 2005 (<u>i.e.</u>, fifteen month after Petitioner's alleged filing of his <u>pro se</u> application).

IT IS, therefore, on this 23rd day of _____, 2008,

ORDERED that, within thirty days from the date of entry of this Order, Respondents should file a sur-reply clarifying to the Court:

a.  How docket sub-entries within Docket Entry No. 11 correspond to each exhibit identified in Respondents' index docketed as Docket Entry No. 11-2;

b.  Whether Respondents' exhibits contain Petitioner's <u>pro se</u> application for post-conviction relief and/or a cover letter indicating the filing of such application and, if yes, which particular docket sub-entry contains this information; and it is further

ORDERED that Respondents' sur-reply should also clarify Respondents' position as to the timeliness of the Petition in light of actual presence/absence of Petitioner's <u>pro se</u> application for post-conviction relief; and it is finally

ORDERED that Respondents shall clarify their position as to Petitioner's exhaustion of state remedies in light of actual presence/absence of Petitioner's <u>pro se</u> application for post-conviction relief (since such application might have raised challenges other than those stated in Petitioner's verified

7

petition for post-conviction relief filed on April 4, 2005, and these challenges might still be pending before the state courts).

_____
Stanley R. Chesler, U.S.D.J.